## CARBONELL *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Pro-
piedad de San Germán.

No. 62.—Resuelto en febrero 11, 1911.

INSCRIPCIÓN—SENTENCIA EN REBELDÍA.—La disposición del artículo 140 del Código
de Enjuiciamiento Civil al efecto de que cuando la citación para contestar una
demanda no se haya hecho al demandado personalmente, la corte puede per-
mitirle que la conteste en cualquier tiempo dentro del año de pronunciada la
sentencia, no envuelve el reconocimiento de un derecho a favor del demandado,
en forma tal que no pueda reputarse firme tal sentencia, ni ejecutarse, hasta
transcurrido dicho término; y con arreglo al artículo 323 del mismo Código,
no es necesario, a los efectos del artículo 140, ya citado, que la sentencia en
rebeldía se notifique personalmente al demandado.

JURISDICCIÓN—CASOS EN QUE LA DEMANDA NO SE ESTABLECE EN EL DISTRITO
CORRESPONDIENTE.—Aunque los pleitos para recobrar la posesión de bienes
raíces, o de una propiedad o interés en los mismos, o para determinar en cual-
quier forma dicho derecho o interés, deben sustanciarse en el distrito en que
radique el objeto de la acción, si la demanda se establece en distrito distinto,

podrá continuarse el juicio en él, si el demandado no solicitare el traslado del caso para el distrito correspondiente, de acuerdo con el artículo 82 del Código de Enjuiciamiento Civil, disposición que es aplicable al caso en que la citación se haga por edictos y el demandado deje de comparecer a contestar la demanda.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Benito Forés.*

EL JUEZ PRESIDENTE, SR. HERNÁNDEZ, emitió la opinión del tribunal.

En juicio seguido ante la corte municipal de San Germán por Celedonio Carbonell y Casabó, conocido con los nombres de Jorge Celedonio, contra Ramón Rafael de los mismos apellidos, residente en Méjico, para el otorgamiento de escritura de venta de una participación de condominio en una finca radicada en el barrio de Llanos Costa del término municipal de Cabo Rojo, la expresada corte dictó sentencia en doce de abril del año de 1910, condenando al demandado, cuya rebeldía había sido anotada, a que en el término de quinto día otorgara al demandante escritura traslativa del condominio a que se refería la demanda; y expedido mandamiento al marshal de la corte para que lo hiciera a nombre y en rebeldía de Ramón Rafael Carbonell y Casabó, dicho marshal, cumpliendo lo ordenado, otorgó la escritura en 28 de abril citado por ante el notario de San Germán, Benito Forés.

Presentada copia de la escritura de referencia al Registrador de la Propiedad de San Germán para su inscripción, fué hecha ésta en 12 de mayo siguiente, con los defectos subsanables de no acreditarse la forma en que se hizo la citación del demandado a los efectos del artículo 140 del Código de Enjuiciamiento Civil, ni si aquél se sometió a la jurisdicción de la Corte Municipal de San Germán, según los artículos 75 y 76 del Código citado.

Esta Corte Suprema confirmó la nota del registrador en resolución de dos de junio del año próximo pasado por las razones consignadas en la opinión que la fundamenta; y Celedonio Carbonell y Casabó volvió a presentar la misma escritura al registrador acompañando para subsanar los defectos

anteriormente apuntados certificación expedida por el secretario de la Corte Municipal de San Germán, justificativa de que por encontrarse ausente en Méjico el demandado, su citación había sido hecha por edictos que se publicaron una vez por semana durante un mes en el periódico *La Bandera Americana* de Mayagüez, habiéndosele enviado por correo al lugar de su residencia copias de la demanda y de la citación, sin que hubiera comparecido a contestar dicha demanda, por lo que después de transcurrido el término fijado por la ley, a petición del demandante le fué anotada la rebeldía pronunciándose sentencia contra la que no interpuso recurso alguno.

El registrador apreció que no se habían subsanados los defectos consignados en la nota de doce de mayo, porque una sentencia dictada en rebeldía no puede estimarse firme, si no se notifica personalmente al demandado, cuyo extremo no se ha justificado, y porque radicando en Cabo Rojo la finca de cuyo condominio se trata, tampoco se ha acreditado que la Corte Municipal de San Germán adquiriera legalmente jurisdicción para entender en el pleito y dictar sentencia.

La nota denegatoria de subsanación de defectos lleva fecha de 21 de junio del año próximo pasado, y ha sido recurrida para ante esta Corte Suprema.

En cuanto al primero de los defectos, se ha justificado que la citación del demandado por encontrarse en Méjico se hizo por medio de edictos, y en vista de ello opina el registrador que no constando que se le notificara personalmente la sentencia, no puede ésta reputarse firme.

Ciertamente que el artículo 140 del Código de Enjuiciamiento Civil dispone que *cuando por cualquier causa la citación en una demanda no se hubiese hecho al demandado en persona, podrá la corte, en la forma que estimare justa, permitir que dicho demandado o su representante legal, en cualquier tiempo dentro del año de pronunciado el fallo en ella, la conteste tal como se interpuso;* pero esa facultad discrecional concedida a la corte no envuelve el reconocimiento de un derecho a favor del demandado para que la sentencia quede pen-

diente de ejecución durante un año, en espera de que el demandado acuda a la corte solicitando un permiso que la corte en uso de su discreción puede concederle o nó. Ni es necesario que la sentencia se notifique personalmente al demandado rebelde a los efectos del artículo 140 ya citado, pues el artículo 323 dispone *que si el demandado no ha comparecido, no habrá necesidad de que se le hagan las notificaciones o entrega de documentos a menos que se hallare en prisión con motivo del pleito por falta de fianza,* circunstancia que no concurre en Ramón Rafael Carbonell y Casabó.

En cuanto al segundo defecto consistente en no haberse acreditado que la Corte Municipal de San Germán adquiriera jurisdicción para conocer del pleito y dictar sentencia, opinamos que dicha corte, según el artículo 98 del Código de Enjuiciamiento Civil, desde que expiró el término de la publicación de edictos ordenando la citación del demandado, adquirió jurisdicción sobre ambas partes y quedó sometido a ella todo procedimiento subsiguiente.

Con arreglo al artículo 75 del Código citado, los pleitos para recobrar la posesión de bienes raíces o de una propiedad o interés en la misma, o para determinar en cualquier forma dicho derecho o interés, como sucede en el pleito que motivó la escritura de 28 de abril de 1910, deben sustanciarse en el distrito en que radique el objeto de la acción, que en el presente caso radica en Cabo Rojo y no en San Germán; pero como el artículo 82 preceptúa que si el distrito en que se establece la demanda no es el en que deba seguirse el juicio, podrá, sin embargo, continuarse en aquél a menos que el demandado al comparecer a contestar o a formular excepciones, presente una declaración jurada y fundada y pida por escrito que el juicio se celebre en el distrito correspondiente, no habiéndose llenado estos requisitos, debemos estimar que la corte de San Germán tuvo jurisdicción para conocer y sentenciar el pleito de que se trata. La de Cabo Rojo no podía separarse del conocimiento del asunto, de oficio y sin gestión del demandado.

Por las razones expuestas, entendemos que han sido sub-

sanados los defectos apuntados por el Registrador de San Germán en su nota de 12 de mayo de 1910, y que en su consecuencia procede revocar la de 21 de junio siguiente, debiendo proceder el registrador con arreglo a los principios y doctrina consignados en la presente opinión.

*Revocado.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.