CREHORE, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propidad de Guayama denegando la cancelación de una hipoteca.

No. 213.—Resuelto en enero 29, 1915.

CANCELACIÓN DE HIPOTECA—PODER EXPRESO.—La cancelación de un crédito hipotecario entraña un verdadero acto de enajenación, que no puede otorgarse sin poder expreso de la persona a cuyo favor está constituído.

ALBACEAS—FACULTADES DE LOS ALBACEAS.—Cuando el testador no confirió facultades especiales a los albaceas, tienen éstos solamente las especificadas en los artículos 876 y 877 del Código Civil Revisado.

CANCELACIÓN DE HIPOTECA POR ALBACEAS.—Entre las facultades que confieren a un albacea los artículos 876 y 877 del Código Civil Revisado no está comprendida la de realizar actos de riguroso dominio como es la cancelación del derecho de hipoteca.

ID.—DERECHOS DE LOS HEREDEROS.—A falta de autorización expresa del testador al albacea para consentir en la cancelación de una hipoteca, corresponde ese derecho a los herederos, de acuerdo con el artículo 669 del Código Civil Revisado.

ALBACEAS—FACULTADES DE LOS MISMOS COMO ADMINISTRADORES DE LA HEREN-
CIA—DERECHOS REALES.—El albacea no es el administrador de la herencia,
a menos que el testador le haya conferido ese carácter, pero aun en los casos
en que sea tal administrador por voluntad del testador o por nombramiento
de los herederos o del tribunal, no está autorizado para enajenar bienes in-
muebles o derecho real porque este derecho no es inherente a la facultad
de administrar.

CANCELACIÓN DE HIPOTECA — AUTORIZACIÓN · JUDICIAL — EXPEDIENTE EX PARTE
INSTADO POR EL ALBACEA.—Una autorización judicial conferida por virtud
de un expediente *ex parte* instado por el albacea, en nada aumenta su capa-
cidad para otorgar la cancelación de una hipoteca, cuando no han sido de-
mandados en juicio los herederos o cuando no se ha obtenido la orden de
cancelación en procedimiento sobre consignación de la deuda.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José C. Ramos.*

El Registrador Sr. Felipe Cuchí Arnau compareció por
escrito en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

De la escritura pública de 14 de octubre de 1914 otorgada
ante el notario José C. Ramos y de los documentos a ella
agregados e insertos en la copia que tenemos presente, re-
sulta que María Torres Díaz, en su carácter de albacea tes-
tamentaria de Jesús María Texidor Vázquez, confesó reci-
bidos de Charles L. Crehore el capital e intereses debidos
al finado que estaban garantizados con hipoteca; que en
un procedimiento tramitado por ella ante el Tribunal de
Distrito de Guayama, con la intervención del Fiscal, se le
concedió autorización para otorgar escritura de cancelación
de esa hipoteca como tal albacea testamentaria; y que por
tal escritura otorgó a Crehore carta de pago y de cance-
lación de hipoteca y consintió como tal albacea en que fuera
cancelada en el registro de la propiedad.

De la copia del testamento de Jesús María Vázquez ape-
rece que en su cláusula duodécima instituyó por herederos
a cinco hijos, de los cuales dos están representados por los
nietos del testador, y que por la décimatercera nombró por
sus albaceas, en primer término, a su esposa María Angela

Torres y Díaz, sin que aparezca que le confiriera facultades especiales para el cargo.

Con vista de estos documéntos el Registrador de la Propiedad de Guayama se negó a cancelar la hipoteca de Don Jesús María Texidor ''por aparecer otorgado el acto de cancelación sin intervención de los herederos del citado Don Jesús María Texidor.'' La apelación interpuesta en tiempo por Charles L. Crehore es la que motiva el presente recurso gubernativo con súplica de que revoquemos la nota recurrida y ordenemos al registrador que proceda a la cancelación de la hipoteca.

Para resolver el recurso es necesario que consideremos dos cuestiones, a saber: 1. Si la albacea otorgante puede cancelar la hipoteca por sí sola sin la intervención y consentimiento de los herederos instituídos, y 2, si siendo necesario el consentimiento de los herederos puede ser suplido por la autorización que para cancelar la hipoteca concedió a la albacea el Tribunal de Distrito de Guayama, en un procedimiento en el que no fueron oídos los herederos y que se tramitó con la sola intervención del Fiscal.

Ya hemos resuelto varias veces y últimamente en el caso de *Baquero y González* v. *El Registrador de San Juan,* decidido en 21 de este mes y año, que la cancelación de un crédito hipotecario entraña un verdadero acto de enajenación que no puede otorgarse sin mandato expreso de la persona a cuyo favor está constituída la hipoteca. La cancelación de una hipoteca es un acto que exige como requisito esencial el consentimiento de la persona a cuyo favor está constituído dicho derecho real.

Sentado lo que precede cabe preguntar si María Torres Díaz está facultada para consentir como albacea en la enajenación del derecho real de hipoteca.

A esta pregunta contesta el Código Civil con los artículos siguientes:

"Artículo 875.—Los albaceas tendrán todas las facultades que expresamente les· haya conferido el testador, y no sean contrarias ·a las leyes."

"Artículo 876.—No habiendo el ·testador determinado especialmente las facultades de los albaceas, tendrán las siguientes:

"1. Disponer y pagar los sufragios y el funeral del testador con arreglo a lo dispuesto por él en el testamento; y en su defecto, según la costumbre del pueblo.

"2. Satisfacer los legados que consistan en metálico, con el conocimiento y ·beneplácito del heredero.

"3. Vigilar sobre la ejecución de todo lo demás ordenado en el testamento, y sostener, siendo justo, su validez en juicio y fuera de él.

"4. Tomar las precauciones necesarias para la· conservación y custodia de los bienes, con intervención de los herederos presentes."

"Artículo 877.—Si no hubiere en la herencia dinero bastante para el pago de funerales y legados, y los herederos no lo aprontaren de lo suyo, promoverán los albaceas la venta de los bienes muebles; · y no alcanzando éstos la de los inmuebles, con intervención. de los herederos."

De estos preceptos se desprende que los albaceas tienen las facultades que expresamente ha querido conferirles el testador, que no sean contrarias a las leyes, y que, a falta de esa determinación, tienen solamente las especificadas en los artículos 876 y 877, o sea, la de disponer y pagar los sufragios y funeral del testador, satisfacer legados que consistan en metálico, con el consentimiento y beneplácito de los herederos, y si no hubiere dinero bastante para esas atenciones promover la venta de inmuebles con intervención de los herederos; y como en éstas facultades que confiere la ley no se comprenden las de realizar actos de riguroso dominio, como es la cancelación del derecho de hipoteca ·porque envuelve la enajenación de un derecho real, es claro ·que los albaceas a quienes el testador no confirió facultades para cancelar hipotecas no pueden otorgar un acto de esa naturaleza, pues no es lícito ampliar sus· poderes cuando el testador se limitó a concederle los que a todo albacea reconoce la ley; y como donde terminan las ·facultades de los alba-

ceas nacen las de los herederos, ya que según el artículo 669 del mismo Código los herederos suceden al difunto por el solo hecho de su muerte en todos sus derechos y obligaciones, a falta de la autorización expresa del testador al albacea para consentir en la cancelación de una hipoteca, y en este caso no le fué conferida a María Torres Díaz, corresponde ese derecho a los herederos y al cónyuge viudo. La Dirección de los Registros de España en 13 de Junio de 1874 negó que el albacea que no haya recibido facultad especial del testador para otorgar actos de enajenación, a cuya clase pertenece la extinción del derecho de hipoteca, tenga la facultad de cancelar créditos pertenecientes al testador; por la de 31 de octubre de 1892 se declaró inscribible un documento de cancelación de hipoteca otorgado por la viuda y los herederos del acreedor; y por la de 7 de abril de 1896 se estableció que el albacea testamentario no está facultado de acuerdo con el Código Civil, para vender bienes de la herencia aunque ésta se halle yacente, si no se le concedió esa facultad por el testador.

El albacea no es el administrador de la herencia pues a menos que el testador le haya conferido ese carácter, no tiene otras facultades que las determinadas en los artículos 876 y 877 del Código Civil; pero aun en los casos en que sea tal administrador por voluntad del testador o por nombramiento de los herederos o del tribunal, aun así no está autorizado para enajenar bienes inmuebles o derechos reales porque este derecho no es inherente a la facultad de administrar, según se ha resuelto ya por la Dirección General de los Registros de España en 9 de octubre de 1880 y 17 de junio de 1893.

Por consiguiente, siendo la otorgante del documento de cuya inscripción se trata albacea sin otras facultades que las legales, no tiene capacidad para consentir en la cancelación de la hipoteca.

En cuanto o la cita que en apoyo del recurso se hace de la sentencia del Tribunal Supremo de España de 11 de marzo

de 1896, que se encuentra en el tomo 79 de la Jurispruden-
cia Civil, página 462, dictada en pleito sobre cobro de pesos
por pensiones vencidas de un censo, lo único que resuelve
en este particular es que "así los herederos como el albacea
administrador de una herencia tienen la facultad de ejer-
citar las acciones conducentes al logro, así como a la defensa
de los derechos que puedan corresponderles o le estén enco-
mendados;" se trataba de un albacea administrador y no
de un simple albacea, no decide que los albaceas, aun siendo
también administradores, puedan cancelar una hipoteca, y
por tanto no es aplicable a este caso.

Como en este recurso se trata claramente de la cance-
lación otorgada por una albacea testamentaria que no ha
sido nombrada administradora de la herencia, es innecesario
que resolvamos, si, como pretende el recurrente, el adminis-
trador nombrado de acuerdo con el artículo 902 del Código
Civil para casos en que la herencia se haya aceptado a bene-
ficio de inventario, tiene o no la facultad de ejercitar accio-
nes reales y de cancelar hipotecas.

Aun cuando la escritura fué otorgada por María Torres
Días como albacea y además por la autorización que como
tal le concedió el Tribunal de Distrito de Guayama en un
procedimiento *ex parte* por ella promovido con la sola inter-
vención del Fiscal, el recurrente prescinde de sostener la
capacidad de María Torres Díaz para realizar el acto por
virtud de la autorización que le concedió la autoridad judi-
cial.   Esa autorización en nada aumenta la capacidad de la
albacea para otorgar la cancelación porque exigiendo el ar-
tículo 83 de la Ley Hipotecaria que para cancelar inscripcio-
nes o anotaciones constituídas en virtud de escritura pública
es necesario que se demande en juicio declarativo aquel a
quien pueda perjudicar la cancelación, cuando no consienta
en ella, no puede el procedimiento *ex parte* instado por la
albacea ser suficiente para que la cancelación se haga por-
que no han sido oídos y vencidos en juicio los herederos de
Jesús Ma. Texidor Vázquez, ni se ha obtenido la orden de

cancelación de acuerdo con el artículo 1146 del Código Civil en procedimiento sobre consignación de la deuda. Resoluciones de la Dirección de los Registros de España de 22 de septiembre de 1893, 20 de agosto de 1894 y de la sección de los Registros del Notariado del Ministerio de Ultramar de España de 27 de abril de 1895, citada por los señores Galindo y Escosura en sus comentarios a la Ley Hipotecaria, cuarta edición, tomo 3, página 54.

Además, cuando la ley dispone la manera de ejecutar algún acto no es lícito adoptar otra distinta. *Carbonell* v. *El Registrador de San Germán*, 18 D. P. R., 772.

La nota del registrador, recurrida en cuanto negó la cancelación de la hipoteca que pertenecía a Jesús Ma. Texidor Vázquez, debe ser confirmada.

> *Confirmada la nota recurrida en cuanto denegó la cancelación de hipoteca.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.