DE JESÚS, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de una resolución declaratoria de dominio.

No. 300.—Resuelto en diciembre 7, 1916.

EXPEDIENTE DE DOMINIO—ADQUISICIÓN A TÍTULO ONEROSO—ESTADO CIVIL—DENEGATORIA DE INSCRIPCIÓN.—Cuando la promovente en un expediente de dominio es viuda y resulta que adquirió la finca a título oneroso sin expresarse el estado que tenía cuando hizo la adquisición, debe denegarse la inscripción por ser una circunstancia particular conveniente al caso y afectar a la eficacia del derecho del dominio declarado por la resolución. Artículos 77 y 440 del Reglamento para la Ejecución de la Ley Hipotecaria. Las conse-

cuencias legales en cuanto a las adquisiciones a título oneroso tienen que ser distintas según que se hicieran por la promovente, siendo soltera, casada o viuda.

Id.—Inscripción en el Registro—Facultades del Registrador.—El precepto del artículo 395 de la Ley Hipotecaria, Regla 5ª., que prescribe que consentida o confirmada la resolución declaratoria del dominio será en su caso título bastante para la inscripción, no puede entenderse en términos tan absolutos que siempre sea obligatoria para el registrador la inscripción, sino que ésta deberá verificarse en el caso de que la resolución contenga todas las circunstancias que según la Ley Hipotecaria y su reglamento deban consignarse en la inscripción.

Id.—Adquisición por Herencia—Herencia—Estado Civil—Descripción del Inmueble.—Cuando en un expediente para justificar el dominio de parte de una finca habida por herencia, el juez estima justificada tal procedencia, es indiferente que el promovente fuera soltero, casado o viudo al adquirirla, pero no cabe verificar su inscripción si falta la descripción, según los artículos 9 de la Ley Hipotecaria y 63 del Reglamento para su ejecución.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Manuel Benítez Flores.*

El registrador recurrido Sr. José S. Belaval no compareció.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

La Corte de Distrito de San Juan, Sección 1ª., declaró justificado a favor de Pía de Jesús el dominio de dos parcelas de terreno, por medio de sentencia que dice así:

"Por cuanto, la peticionaria arriba expresada Pía de Jesús mayor de edad, viuda propietaria y vecina de Río Piedras compareció ante esta corte por medio de su Abogado Enrique González Darder y solicitó que se declarara en su favor el dominio de las siguientes fincas:

"1ª. Trozo de terreno radicado en el barrio de Monacillos, término municipal de Río Piedras, compuesto de once cuerdas quince céntimos de cuerdas, colindante por el norte con tierras de Blas Alméstica y Justino Díaz; por el sud, Ambrosia Sánchez y Esteban Muriel; por el este con Juan Hernández, y por el oeste con tierras de Claudina Carmona y Catalino Rosario. Valorada en trescientos dollars y libre de carga y gravámenes.

"2ª. Trozo de terreno radicado en el mismo barrio y término municipal de Río Piedras, compuesto de cuatro cuerdas treinta y cinco céntimos de cuerdas, colindante por el norte con Claudina Carmona; por el sud la compañía *Southern Cross;* por el este con Catalino del

Rosario, y por el oeste la *Southern Cross Company*.    Valorada en ochenta dollars y libre 'de gravámenes.

"POR CUANTO, habiéndose admitido la solicitud por manifestarse en ella la carencia de título escrito e inscribible de dominio de las fincas descritas y habiéndose citado a los anteriores dueños así como al Hon. Fiscal del distrito y publicados los edictos sin que se presentara oposición alguna dentro del término legal, ni por el Hon. Fiscal se haya objetado a la información testifical de la que resulta que la peticionaria adquirió la primera finca en la siguiente forma: siete cuerdas por herencia de su padre Pablo de Jesús hace más de treinta años, y cuatro cuerdas quince céntimos por compra a Eloy de Jesús hace más de treinta años, y que la segunda finca de cuatro cuerdas treinta y cinco céntimos la adquirió por compra a Nicolás Hernández hace unos veinte y cinco años, habiendo sido dicha posesión quieta, pública y pacíficamente sin interrupción alguna, en concepto de dueña con buena fe y justo título.

"POR TANTO se declara justificado a favor de Pía de Jesús el dominio de las dos fincas descritas en la presente orden, de la cual se expedirá copia certificada para su inscripción en el Registro de la Propiedad de San Juan.

"Dado en corte abierta el día 19 de noviembre de 1914.  (Firmado.)  Félix Córdova Dávila, Juez, Corte Distrito, San Juan, Sec. 1ª.  Certifico: (Firmado) C. Marrero.  Secretario."

Presentada en el Registro de la Propiedad de San Juan, Sección 1ª., copia de la anterior resolución, el registrador denegó la inscripción en los siguientes términos:

"Denegada la inscripción del anterior documento, respecto de la primera finca, porque siendo viuda la promovente, y resultando que adquirió parte de la misma finca por herencia, y parte a título oneroso, no se expresa el estado que tenía al ocurrir tales adquisiciones, circunstancia absolutamente necesaria, puesto que en el caso de haber estado casada, la parte adquirida a título oneroso correspondería a la sociedad conyugal, y en cuanto a la parte heredada, para que la manifestación de la promovente tuviera eficacia legal, necesitaría que la consintiera el esposo de la misma o sus causahabientes; y respecto de la segunda finca, porque habiéndola adquirido la promovente a título oneroso, no se expresa el estado que tenía cuando tuvo efecto esa adquisición, circunstancia absolutamente necesaria puesto que en el caso de haber estado casada, correspondería la finca a la sociedad conyugal, todo con arreglo a lo resuelto por el Tribunal Supremo de

Puerto Rico, en su sentencia de veinte y cuatro de marzo de mil novecientos once. Y se han extendido las anotaciones preventivas correspondientes por cuatro meses a los folios 84 y 87 del tomo 38 de Río Piedras, fincas 1738 y 1739, anotaciones letras A, con el defecto subsanable de no ser firme la resolución. San Juan, marzo 11 de 1916. Entre líneas—con el defecto subsanable de no ser firme la resolución. Vale.—El Registrador, José S. Belaval.''

Esa nota ha sido recurrida por Pía de Jesús sin que haya presentado alegato en apoyo de su revocación.

Encontramos ajustada a derecho la nota expresada.

Según aparece de la resolución de la Corte de Distrito de San Juan, Sección 1ª., que dejamos transcrita, Pía de Jesús alegó en el escrito inicial del expediente de dominio, ser de estado viuda, y fué claramente su intención justificar ante dicha corte el dominio a su favor de las dos fincas a que se refiere para inscribirlo en el registro; pero aquella resolución no muestra que la peticionaria fuera soltera, casada o viuda cuando hizo las adquisiciones de dichas fincas y esa expresión de su estado tiene que ser consignada en la inscripción por ser una circunstancia particular conveniente al caso y afectar indiscutiblemente a la eficacia del derecho de dominio declarado por la resolución. Artículos 77 y 440 del Reglamento para la ejecución de la Ley Hipotecaria. Las consecuencias legales en cuanto a las adquisiciones que se dicen hechas por título oneroso, tienen que ser distintas según que se hicieran por Pía de Jesús, siendo soltera, viuda o casada. En los dos primeros casos adquiriría exclusivamente para sí, y en el tercero para la sociedad de gananciales, a no ser que adquiriera con recurso de su privativa pertenencia.

La decisión de esta Corte Suprema en el caso de *Ramos v. El Registrador de la Propiedad de Caguas,* 18 D. P. R. 16, aunque dictada con motivo de denegatoria de inscripción de expediente posesorio viene en apoyo de la anterior doctrina.

Otras dos decisiones recaídas en los casos de *Ramos* v. *El Registrador de la Propiedad,* y de *Vega* v. *El Registrador de San Germán,* 16 D. P. R., 60, y 23 D. P. R. 799, no favorecen a la recurrente, pues en ellas se trata de la inscripción de dominio de una finca a favor de una persona casada, sin que apareciera ser privativamente suya, por lo que debía reputarse bien ganancial, mientras que en el presente caso se pretende una inscripción de dominio a favor de una persona de estado viuda y, por tanto, de la inscripción de. un bien propio y exclusivo del promovente con perjuicio acaso de los herederos del cónyuge premórtuo.

Ciertamente que el artículo 395 de la Ley Hipotecaria en su regla 5ª. prescribe que consentida o confirmada la resolución declaratoria del dominio, será en su caso título bastante para la inscripción; pero ese precepto no puede entenderse en términos tan absolutos que siempre sea obligatoria para el registrador la inscripción, sino que ésta deberá verificarse en el caso de que la resolución contenga todas las circunstancias que según la Ley Hipotecaria y su Reglamento deban consignarse en la inscripción, lo que no ocurre en el presente caso según hemos dicho anteriormente.

En cuanto a la parte de una de las fincas habida por herencia paterna, como el juez estimó justificada tal procedencia, no hay duda de que esa parte debe estimarse del dominio de Pía de Jesús, siendo indiferente para ello que fuera soltera, casada o viuda al adquirirla; pero no cabe verificar la inscripción del dominio de la misma a favor de la recurrente por faltar su descripción, cuya falta impide dar cumplimiento a los artículos. 9 de la Ley Hipotecaria y 63 del Reglamento para su ejecución.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.