Torres, Recurrente, *v.* El Registrador de Caguas, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas, denegando la inscripción de un expediente de dominio.

No. 419.—Resuelto· en diciembre 15, 1919.

Agrupación de Fincas—Bienes Privativos—Bienes Gananciales.—De acuerdo con los términos del artículo 61 del reglamento para la ejecución de la Ley Hipotecaria, no es inscribible una declaración de dominio que ordèna la inscripción a favor del promovente, de una finca formada por agrupación de dos parcelas de las cuales una era privativamente suya y la otra pertenecía a la sociedad de gananciales, por ser bienes de distinta naturaleza jurídica que no pueden agruparse.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. V. Polanco.*

El registrador recurrido no compareció.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Ante la Corte de Distrito de Ponce Ramón Torres Ortiz,

casado con Adelfa Verdesía, promovió expediente para justificar el dominio de una finca con cabida de 201 cuerdas radicada en el barrio de Cacaos, término municipal de Barros. La expresada corte declaró justificado el dominio de la finca a favor de Ramón Torres Ortiz por resolución de 28 de marzo de 1919, ordenando su inscripción en el registro de la propiedad del partido; y el Registrador de Caguas denegó la inscripción en 11 de abril siguiente por el fundamento de que la finca fué adquirida por Ramón Torres Ortiz, parte por título de compra durante su matrimonio con Adelfa Verdesía y parte por herencia de sus padres Máximo Torres y Soledad Ortiz, habiéndose agrupado bienes de distinta naturaleza jurídica, a saber gananciales pertenecientes a la sociedad conyugal, y privativos de la exclusiva propiedad de uno de los cónyuges.

La anterior calificación ha sido recurrida para ante esta Corte Suprema.

La resolución de la Corte de Distrito de Ponce muestra que de las 201 cuerdas que forman la finca de que se trata, 35 fueron heredadas por Ramón Torres Ortiz de sus padres Máximo Torres y Soledad Ortiz y adquiridas las restantes por título de compraventa durante la sociedad de gananciales de los esposos Ramón Torres Ortiz y Adelfa Verdesía.

Siendo ello así es de aplicación al caso el artículo 61 del Reglamento para la ejecución de la Ley Hipotecaria, según el cual para que puedan inscribirse en el registro bajo un sólo número y como una sola varias fincas, es requisito necesario que éstas pertenezcan a un mismo dueño o a varios proindiviso, o lo que es lo mismo que cada una de las distintas personas que tratan de agrupar los inmuebles ha de tener condominio en cada una de las fincas que deban reunirse. *Durán et al.* v. *El Registrador,* 20 D. P. R. 148.

Alega el abogado de la parte recurrente que no se trata de agrupar si no de inscribir una finca. Pero semejante razón es inadmisible en un caso como el presente en que cier-

tamente se trata de inscribir una finca pero una finca en la que se agrupan varias que tienen distinta naturaleza jurídica.

Si se verificara la inscripción denegada no llenaría los fines que la ley persigue en beneficio de tercero, pues aunque en ella se expresara la procedencia de las distintas cuerdas de terreno que integran la finca no sería posible conocer y precisar cuáles de ellas pertenecen a la sociedad conyugal y cuáles al marido. Además de nuestra decisión *supra*, véanse las posteriores de *P. R. Leaf Tobacco Co.* v. *El Registrador*, 20 D. P. R. 398 y *Muñoz* v. *El Registrador de Caguas*, 25 D. P. R. 842.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Asociados Sres. Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison disintió.