Onofre Menéndez Torres, recurrente, *v.* El Registrador de la Propiedad de Guayama, recurrido.

No. 610.—*Sometido:* Marzo 2, 1925. *Resuelto:* Julio 30, 1925.

1. Recursos Gubernativos—Notas del Registrador—Alcance y Extensión de las Mismas—Nota Posterior.—Inscrito un documento haciéndose constar ciertos defectos subsanables y denegada posteriormente la subsanación de éstos, el Registrador viene obligado por el alcance y extensión de su nota original y no puede exigir, en la nota posterior, nada más en demostración que lo exigido al inscribirse el documento original.
2. Ejecución—Venta—Traspaso al Comprador—Inscripción de la Escritura de Venta Otorgada por el Márshal—Jurisdicción de la Corte para Dictar Sentencia.—A los fines de admitir o denegar una escritura del márshal de una corte municipal, la cuestión de si la corte tenía o nó jurisdicción para dictar sentencia ha de ser resuelta por el registrador en vista de los hechos certificados o establecidos, prescindiendo de la opinión que sostenga o conclusión a que llegue el secretario de tal corte, sin que se revele la prueba en la cual tal opinión o conclusión se funde.

Nota de *Pérez Mercado,* R. (Guayama), denegando subsanación de defectos subsanables que se hicieron constar al inscribir escritura de venta judicial. *Confirmada.*

*C. Domínguez Rubio,* abogado del recurrente; el registrador compareció por escrito.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El Registrador de la Propiedad de Guayama inscribió una escritura otorgada por el márshal de la Corte Municipal de Cayey traspasando una finca embargada después de registrada una sentencia en dicha corte y vendida en ejecución,—

"haciéndose constar el defecto subsanable de no acreditarse en la escritura si los demandados doña Rosa Colón Pacheco y don Benigno y don Enrique Domínguez fueron citados y emplazados en esa demanda ni en qué forma se verificó dicha citación a los efectos de los arts. 89, 92, 93, 94, 95 y 96 del Código de Enjuiciamiento Civil, no constando por tanto si dichos demandados se sometieron a la jurisdicción de la Corte Municipal de Cayey según los arts. 75 y 76 del citado texto legal."

Este principio fué ratificado en el caso de *Vázquez* v. *El Registrador,* 19 D.P.R. 1133.

Onofre Menéndez Torres, actual dueño de la finca, pretende ahora subsanar los defectos en cuestión presentando una certificación expedida por el secretario de la corte municipal en la cual (refiriéndose a los autos del pleito que terminó con la venta en ejecución arriba expresada), dice lo siguiente:

"(*a*) Que aparecen del mismo, citados, notificados y emplazados de la demanda, los demandados arriba nombrados, o sean doña Rosa Colón y sus hijos Benigno y Enrique Domínguez.

"(*b*) La demandada doña Rosa Colón fué emplazada personalmente en Cayey, por medio de un emplazamiento que se libró y aparece diligenciado y los otros dos demandados lo fueron por medio de edicto que se publicó en el periódico El Boletín Mercantil que se indicó por la parte demandante, en atención a haberse alegado en solicitud jurada que se encontraban ausentes de la Isla, se ignoraba su paradero a la fecha de la demanda."

La nota del registrador en tanto es pertinente a cualquier cuestión levantada en este recurso, es como sigue:

"Denegada la subsanación que se solicita, por no acreditar satisfactoriamente, la certificación que se acompaña, que la Corte Municipal de Cayey, adquiriera jurisdicción sobre los demandados Rosa

Colón, Benigno y Enrique Domínguez, toda vez que no aparece de la misma la fecha en que fué notificada la primera, ni las fechas en que fueron publicados los edictos para notificar a los últimos, ni se acompaña la sentencia de la corte a los efectos de determinar si dicha jurisdicción se adquirió por el transcurso del tiempo o por sometimiento de dichos demandados y en cuanto a los dos últimos demandados, además, por no acreditarse en forma alguna, ni aparecer del Registro, que se trabara embargo sobre sus bienes con anterioridad a la citación por edictos, a los efectos de convertir la acción personal de cobro de pesos, que fué la ejercitada en el caso, en acción real (*in rem*), toda vez que según el mismo Registro y en la inscripción que precede a aquella en que se consignó el defecto que se pretende subsanar, aparece que dichos demandados eran vecinos de New York, y según aparece de la misma certificación mencionada, la notificación por edictos fué motivada por una alegación jurada de que los mismos se encontraban ausentes de la Isla ignorándose su paradero, o en su defecto, acreditar con la sentencia dictada o algún otro documento de récord que dichos demandados se sometieron de alguna otra manera a la jurisdicción del tribunal.''

Que la certificación es tan vulnerable en su forma como carente de los detalles señalados por el registrador, es por sí evidente; pero limitaremos nuestra discusión a las cuestiones referidas en la nota excepto en tanto pueda ser necesario para la resolución de las cuestiones levantadas por el recurrente.

[1] Convenimos enteramente con el recurrente en que el registrador está obligado por el alcance y extensión de la nota original y que no puede exigir ahora nada más en demostración que lo exigido al inscribirse la escritura del márshal.

[2] Pero no podemos adoptar la rigurosa interpretación que se da a esa nota por la parte recurrente ni convenir con el criterio de que el hecho de la citación o emplazamiento se ha establecido, y la forma o manera en la cual la misma se efectuó lo revela la escueta manifestación de la conclusión a que llegó el secretario, basada en su examen o recuerdo de los autos, al efecto de que los demandados fueron empla-

zados o citados, uno personalmente de acuerdo con un llamado diligenciamiento y otros por edictos.

El único objeto posible de cualquier demostración en este sentido era probar al registrador que la corte municipal tenía jurisdicción sobre las personas de los demandados y cualquier cosa que no sea un motivo adecuado que pudiera servir de base a tal conclusión no equivale a. una prueba de la citación o emplazamiento y de la forma o manera en la cual se cumplió con tal diligenciamiento.

Que esta corte así entendió el carácter y efecto general de la nota anterior aparece razonablemente claro de la opinión emitida al tratarse de la anterior apelación. Aunque la verdadera cuestión que está ahora ante nuestra consideración no fué entonces levantada específicamente ni discutida expresamente, resulta, sin embargo, bastante claro que esta corte consideró la calificación del registrador como que incluía en una forma general la omisión de probar que la corte municipal había adquirido jurisdicción sobre las personas de los demandados.

Si el criterio así sustentado del asunto, antes y ahora es correcto, entonces la objeción de que la citación no mostraba el hecho de haberse trabado un embargo con anterioridad a la citación por edictos no estaba más excluída que lo que pudiera estar la cuestión de una notificación personal válida del emplazamiento, si el registrador hubiera preferido insistir en este punto, o en la falta de cualquier otro elemento esencial de una notificación personal. Y mucho menos estaba obligado el registrador en el presente caso por la omisión del registrador en uno u otro de los casos de *Carbonell*, 16 D.P.R. 438, y 17 D.P.R. 148, o en alguna otra controversia anterior, a levantar la misma cuestión.

Claramente que si la notificación, ya fuera personal o indirecta (*constructive*) no se hizo antes de dictarse la sentencia, entonces la corte carecía de jurisdicción. Y si una corte municipal tenía o nó jurisdicción para dictar sentencia es, para los fines de la admisión en el registro o de la nega-

tiva del registrador a inscribir una escritura del márshal, una cuestión que ha de ser resuelta por el registrador en vista de los hechos debidamente certificados o de otro modo establecidos, prescindiendo de cualquier opinión que sostenga o conclusión a que llegue el secretario de tal corte, sin que se revele la prueba en la cual tal opinión o conclusión se funde.

*La nota recurrida debe ser confirmada.*