RAMÓN CABALLERO ET AL., recurrente, *v.* EL REGISTRADOR DE CAGUAS, recurrido.

No. 635.—*Sometido:* Abril 6, 1926.  *Resuelto:* Junio 26, 1926.

1. MENORES—BIENES Y TRASPASOS *(Conveyances)*—AUTORIZACIÓN JUDICIAL SOBRE DERECHOS Y BIENES DE MENORES—REQUISITOS ESTATUTORIOS—CUMPLIMIENTO SUBSTANCIAL DE LOS MISMOS.—La ley, en lo que se refiere a la autorización judicial del tutor para enajenar bienes de menores, o ejecutar contratos o actos sujetos a inscripción, no exige una multiplicidad de procedimientos; el cumplimiento substancial de los requisitos estatutorios es suficiente.

2. REGISTRADORES DE LA PROPIEDAD—FACULTADES—CUESTIONES RESUELTAS POR LOS TRIBUNALES—REVISIÓN DE LAS CUESTIONES DE HECHO O DE DERECHO RESUELTAS.—Un registrador de la propiedad no tiene poder para revisar las cuestiones de hecho o de derecho resueltas por las cortes de distrito.

3. PARTICIÓN—POR ACTO DE LAS PARTES—PARTICIÓN DE HERENCIA—EXISTENCIA DE HEREDEROS MENORES DE EDAD O INCAPACES POR OTRA CAUSA—APROBACIÓN JUDICIAL—REQUISITO PREVIO JURISDICCIONAL.—Sometida a la aprobación judicial partición en la que se hace constar la autorización concedida a un defensor judicial para otorgar la cancelación de una hipoteca, el especificar la edad del o los menores mencionados en la partición es un requisito previo jurisdiccional.

NOTA de *L. Márquez,* R. (Caguas), denegando inscripción, en parte, de escritura de cancelación y pago de hipoteca. *Confirmada.*

*Rafael Arce,* abogado del recurrente; el registrador compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Una escritura de cancelación y pago de una hipoteca fué inscrita en parte, negándose el registrador a inscribirla totalmente, por las siguientes razones:

"Cancelada parcialmente la hipoteca a que se refiere el precedente documento, con vista de otros, en cuanto a las siguientes cantidades: A los doscientos dólares adjudicados e inscritos a favor de Ramón Caballero Delgado; a los mil ciento cincuenta dólares que por gananciales en el resto de dos mil trescientos dólares de dicho

crédito corresponde al viudo don Ramón Caballero y Delgado; a los doscientos treinta dólares, o sea una quinta de la mitad de dicho resto del crédito correspondiente a Sara Isabel Caballero Santiago; a los doscientos treinta dólares, o sea otra quinta de la mitad de dicho resto del crédito correspondiente a Francisco Caballero Santiago ó sea en junto por la suma de mil ochocientos diez dólares; y DE-NIEGO la cancelación por lo que respecta a los doscientos treinta dólares, o sea una quinta de la mitad de dicho resto del crédito correspondiente a cada uno de los menores, Emilia, Ramón y Eduvina Francisca Caballero Santiago, cuyas participaciones en junto suman seiscientos noventa dólares, por observarse que la autorización concedida al viudo don Ramón Caballero Delgado para cancelar la parte del crédito que se dice recibido en vida de doña Isabel Santiago no es suficiente en cuanto a la participación de doscientos treinta dólares que correspondería a cada uno de los herederos menores de edad, Emilia, Ramón y Eduvina Francisca Caballero Santiago, por no tener un defensor judicial autoridad para autorizar en nombre de sus defendidos dicha cancelación; y aunque al someterse a la aprobación de la Corte de Distrito de Humacao la escritura particional de bienes para su aprobación se hizo constar el hecho de la autorización concedida por los otorgantes a don Ramón Caballero para otorgar esta cancelación, y al ser aprobada por dicha Corte la referida escritura fué aprobada también la referida autorización, no la consideramos suficiente en cuanto a la participación que corresponde a los menores, pues, las enajenaciones de bienes de menores, y una cancelación de hipoteca, está considerada como una enajenación, se rige por el procedimiento prescrito en el artículo 80 de la Ley sobre procedimientos legales especiales, sección 1619 de los Estatutos Revisados del 1911, que es una ley especial que establece el procedimiento que debe seguirse para enajenación de bienes de menores y cuyo procedimiento no se ha seguido y en el que se determina entre otras prescripciones que los menores de catorce años en adelante deben comparecer y ser oídos por la Corte, y como de los documentos presentados no consta la edad de dichos menores, no sabemos si tenían o nó derecho a ser oídos y prestar su conformidad para tal cancelación en cuanto a sus participaciones se refiere; tomándose en su lugar anotación preventiva en cuanto a la parte denegada por 120 días a favor del deudor Blas Rivera de quien se dice se recibió el total importe del crédito.''

[1] Estamos muy de acuerdo con los recurrentes en que la ley no exige una multiplicidad de procedimientos en asun-

tos de esta clase.   El cumplimiento substancial de los requisitos estatutorios es suficiente.

En el presente caso el tutor *ad litem* había sido nombrado previamente por la corte al exponérsele en detalle los hechos y circunstancias que hacían necesario tal nombramiento y con el fin específico de representar los menores en la propuesta partición de los bienes dejados por su finada madre.   La orden aprobando la partición que se hizo, demuestra claramente que se presentó anteriormente un escrito que a no ser por la omisión que se menciona más adelante hubiese podido considerarse como la petición exigida por la ley de procedimientos legales especiales.   Demuestra también que se había solicitado la intervención del fiscal y que después de un detenido examen del documento y una participación activa en la vista, durante la cual se presentó tanto prueba testifical como documental, el fiscal hizo un informe concreto y favorable.

Esto demuestra que el mismo juez prestó a este asunto cuidadosa atención, que en la petición se le llamó la atención específicamente al poder conferido al cónyuge supérstite por la escritura de partición, en relación con la propuesta cancelación y pago de la hipoteca, y que el poder así conferido fué ratificado expresamente y aprobado por la corte.   Bajo estas circunstancias es lamentable que ni la petición para el nombramiento de un tutor *ad litem* ni ninguna otra alegación hayan mencionado la edad de los menores en cuestión.

[2] También convenimos con los recurrentes que el registrador no tiene poder para revisar cuestiones de hecho o de derecho resueltas por la corte de distrito.   Ni tampoco dudamos de la validez y efecto de la partición hecha.   Para los fines de esta opinión, puede además admitirse que habiendo sido dado al cónyuge supérstite el saldo de la hipoteca, los herederos de la esposa finada no recibieron nada de valor en la partición.

Si los pagos parciales hechos antes de la muerte de la

esposa, junto con la adjudicación al marido del saldo en descubierto, operaron a nó para despojar a los herederos del título legal a la mitad proindivisa de tal hipoteca, que les correspondió inmediatamente que murió la esposa, es asunto que no es necesario discutir ahora. Ni la escritura de partición ni la aprobación del juez de distrito están basadas en tal teoría.

[3] El documento se presentó en el registro de la propiedad como un poder otorgado por los herederos de la finada esposa, en el cual los menores estaban representados por un tutor *ad litem,* autorizando la cancelación de la hipoteca. El esposo supérstite al tratar de hacer tal cancelación actuó no solamente a nombre propio sino también como agente y apoderado de tales herederos, incluyendo los mencionados menores. La única cuestión ante nosotros es, por consiguiente, la suficiencia de la autorización dádale a Caballero. Que la cancelación de una hipoteca envuelve la enajenación de un derecho sobre bienes inmuebles es una cuestión que ha sido resuelta en esta jurisdicción. En el caso de *Crehore* v. *El Registrador de la Propiedad,* 22 D. P.R. 32, se discutió y resolvió una cuestión muy similar a la que tenemos a la vista.

El artículo 282 del Código Civil dispone que el tutor debe estar autorizado por la correspondiente corte de distrito para enajenar bienes inmuebles pertenecientes a los menores que representa o para hacer contratos o actos sujetos a inscripción en el registro de la propiedad.

La sección 80, Capítulo I, Título V, de la Ley de Procedimientos Legales Especiales, Estatutos Revisados, Compilación de 1911 (sección 1619) dice en parte como sigue:

"En todos los casos en que según el Código Civil necesitan los padres o el tutor de un menor o incapaz autorización judicial para actos o contratos que se refieren a la guarda de dicho menor o incapaz y de sus bienes, deberá presentarse la oportuna solicitud a la competente corte de distrito, haciendo constar en aquélla bajo juramento los particulares enumerados a continuación:

    '' *    *    *    *    *    *    *

''2.—El nombre, edad, domicilio y estado del menor o incapaz, y los nombres y residencias de sus más próximos parientes hasta el cuarto grado civil por consanguinidad o segundo por afinidad.''

El artículo 81 de la misma ley, entre otras cosas, dice:

''Si el menor pasare de la edad de catorce años, y no residiese fuera de la isla, deberá en cualquier caso comparecer ante la corte y contestar al interrogatorio que se le hiciere, en el acto de las pruebas.''

Interpretando conjuntamente los dos artículos mencionados últimamente, nos vemos obligados a resolver que el especificar la edad del menor o de los menores mencionados en una partición es un requisito previo jurisdiccional.

*La nota recurrida debe ser confirmada.*