VIRGINIA CINTRÓN, recurrente, *v.* EL REGISTRADOR DE GUAYAMA, recurrido.

No. 641.—*Sometido:* Julio 15, 1926. *Resuelto:* Julio 20, 1926.

1. REGISTRADORES—SUS FACULTADES—CALIFICACIÓN DE TÍTULOS—TÍTULOS EXPEDIDOS POR LA AUTORIDAD JUDICIAL.—La calificación del registrador, en cuanto a dichos títulos, alcanza a si el juez era o no competente por razón de la materia, la naturaleza y efecto de la resolución, si ésta se dictó en el juicio correspondiente, si en él se observaron los trámites y preceptos esenciales para su validez y si el título contiene las circunstancias que requiere la Ley Hipotecaria para su inscripción.

2. DILIGENCIAS *(Process)*—SERVICIO *(Service)*—PUBLICACIÓN U OTRA NOTIFICACIÓN—MOCIÓN SOLICITANDO SERVICIO DE EMPLAZAMIENTO POR LA PUBLICACIÓN DE EDICTOS—DE LA DECLARACIÓN JURADA O AFFIDAVIT—SU AUSENCIA Y EFECTO.—En ausencia de declaración jurada o *affidavit* conteniendo los hechos jurisdiccionales que den base a un tribunal para dictar orden al efecto de emplazar un demandado por edicto, la corte no adquiere jurisdicción sobre éste.

3. EJECUCIÓN—VENTA—TRASPASO AL COMPRADOR—INSCRIPCIÓN DE LA ESCRITURA

de Venta—Falta de Jurisdicción Sobre el Demandado en el Procedimiento en que Aquélla se Otorgó—Efecto.—Presentada a inscripción escritura de venta judicial otorgada en procedimiento en que la corte no adquirió jurisdicción sobre el demandado—por haber dictado orden disponiendo la notificación del emplazamiento por edictos sin jurisdicción—la sentencia así como su ejecución son nulas y dicha escritura no es inscribible.

4. Diligencias *(Process)*—Servicio *(Service)*—Publicación u Otra Notificación—Orden Accediendo a la Publicación por Edictos—Cómo se Hará la Publicación.—Tratándose de citación por edictos, una vez que se cumple con el artículo 94 del Código de Enjuiciamiento Civil, el artículo 95 es el que prescribe lo que dispondrá la orden para la publicación y las demás formalidades que deben llenarse.

Nota de *R. B. Pérez Mercado*, R. (Guayama), denegando inscripción de escritura de venta judicial. *Confirmada.*

*Adolfo Porrata Doria*, abogado del recurrente; el recurrido compareció por escrito.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

El Registrador de Guayama denegó la inscripción de cierta venta judicial por no considerar acreditado que la Corte Municipal de Guayama adquiriera jurisdicción sobre la demandada antes de dictarse la sentencia ejecutada, habiendo tomado en su lugar anotación preventiva por el término legal a favor de la compradora Virginia Cintrón. El documento fué presentado nuevamente con una certificación complementaria expedida por el secretario de la corte municipal, solicitando entonces la interesada la conversión de la anotación preventiva en inscripción definitiva por considerar subsanado el defecto señalado por el registrador de la falta de jurisdicción.

El registrador, calificando de nuevo la venta en relación con la certificación presentada, denegó la inscripción por los motivos que hizo constar en la nota, que dice:

"Denegada la conversión de la anotación preventiva de compra letra A a que se refiere la nota en tinta que precede, por observarse que los documentos complementarios que se presentan para ello, o sea una certificación del Secretario de la Corte Municipal de Guayama, relativa a ciertos hechos en el procedimiento seguido en el mencionado caso, no acreditan satisfactoriamente que la Corte

Municipal de Guayama adquiriera jurisdicción sobre la sociedad demandada antes de dictarse sentencia contra la misma, toda vez que la orden autorizando la notificación supletoria por medio de edictos, a juzgar por la moción del abogado de la demandante, en que se ampara, fué dictada sin jurisdicción, de acuerdo con el Art. 94 del Cód. de Enj. Civil, y porque aun aceptando que tal actuación estuviera revestida de jurisdicción, en la publicación se omitió la copia de la demanda, cuya entrega forma parte de la notificación de acuerdo con el Art. 92 del propio cuerpo legal.''

[1] Sostiene la recurrente en su alegato ''que no está dentro de las facultades del registrador el juzgar la cantidad y calidad de la prueba ofrecida ante un tribunal; así como tampoco es él el llamado a atacar la validez de las actuaciones judiciales.''

La cuestión así literalmente planteada no parece que tenga una relación tan directa con los motivos o razones legales en que el registrador ha basado su nota, pues el registrador no aprecia prueba alguna que se haya aportado en el caso ni su nota es un ataque a la validez de las actuaciones existentes en el récord.

Las facultades de los registradores están definidas por el artículo 18 de la Ley Hipotecaria, que prescribe:

''Art. 18.—Los Registradores calificarán bajo su responsabilidad la legalidad de las escrituras en cuya virtud se solicite la inscripción y la capacidad de los otorgantes por lo que resulte de las mismas escrituras.

''Del mismo modo calificarán, bajo su responsabilidad y para el único efecto de admitir, suspender o negar su inscripción, todos los documentos expedidos por la autoridad judicial.

''  *     *     *     *     *     *     *  ''

Según el párrafo segundo, los registradores tienen facultad para calificar los documentos expedidos por la autoridad judicial y la jurisprudencia de esta Corte Suprema ha declarado en diferentes decisiones hasta dónde alcanza tal facultad en esos casos. Ella no se extiende a apreciar los fundamentos de las sentencias y resoluciones judiciales, o sea, la justicia intrínseca de las mismas, ni apreciar si la prueba

fué o nó suficiente, pero su calificación alcanza a si el juez era competente por razón de la materia, la naturaleza y efecto de la resolución, si se dictó en el juicio correspondiente, si en él se observaron los trámites y preceptos esenciales para su validez y si contiene todas las circunstancias que según la Ley Hipotecaria son necesarias para que pueda practicarse la inscripción. *Suárez Migoya v. El Registrador de Guayama,* resuelto en julio 14, 1926 (pág. 740) y casos en él citados.

Más concretamente el presente caso está comprendido dentro de la autoridad del caso de *Menéndez v. Registrador,* 34 D.P.R. 628–9, donde el registrador negando la jurisdicción de una corte municipal, entre otros motivos, por defectos resultantes del emplazamiento de los demandados cuyo servicio se hizo por edictos, esta corte finalmente dijo:

". . . . Y si una corte municipal tenía o nó jurisdicción para dictar sentencia es, para los fines de la admisión en el registro o de la negativa del registrador a inscribir una escritura del márshal, una cuestión que ha de ser resuelta por el registrador en vista de los hechos debidamente certificados o de otro modo establecidos, prescindiendo de cualquier opinión que sostenga o conclusión a que llegue el secretario de tal corte, sin que se revele la prueba en la cual tal opinión o conclusión se funde."

[2, 3] Examinando ahora los méritos de este recurso, podemos decir que el registrador tuvo razón al negar la conversión por el primer motivo consignado en su nota.

La certificación expedida por el secretario municipal contiene copia de la moción no jurada por la que se solicita el servicio del emplazamiento a los demandados por la publicación de edictos, de la orden accediendo a la solicitud y copia asimismo de dicho emplazamiento. En este documento se incluye al mismo tiempo la notificación del embargo que fué trabado en un inmueble de la demandada.

La moción y orden mencionadas, literalmente leen así:

"Comparece el demandante por su abogado y expone:

"Que en el presente caso se desconocen los miembros que forman la sociedad demandada por lo que se le es imposible al demandante emplazar debidamente a los mismos o al Presidente o Secretario de dichos demandados.

"Por tanto, suplica a esta Corte que de acuerdo con la ley, ordene se publiquen los correspondientes edictos notificando a los demandados de haber sido demandados y además de que una finca que se describe en la moción al Márshal ha sido embargada."

"ORDEN.—Vista la moción que precede y la ley aplicable a la materia la Corte ordena que se publiquen los correspondientes edictos informando a la demandada de que ha sido demandada ante esta Corte Municipal, y además ha sido embargada una casa de su propiedad, sita en el pueblo de Arroyo."

El emplazamiento fué expedido y publicado y cierta propiedad de la demandada había sido embargada para convertir la acción en un procedimiento *in rem*, pero en lo que no aparece que se cumplió con el estatuto fué en la manera cómo se obtuvo y ordenó el servicio de la notificación del emplazamiento a la demandada por edictos. No hubo una declaración jurada o *affidavit* conteniendo los hechos jurisdiccionales que dieran base a la corte para dictar la orden. El artículo 94 del Código de Enjuiciamiento Civil a ese respecto dice:

"Art. 94.—Cuando la persona que deba ser citada resida fuera de la isla, o se hubiere ausentado de ella, o si después de la debida diligencia no pudiere ser encontrada en la isla, o se ocultare para que no pueda hacérsele la citación, cuando se ignorare su domicilio o si fuere una corporación extranjera sin gerente o agente comercial, cajero o secretario en la isla, y así resultare comprobado a satisfacción de la corte o del juez de la misma por medio de declaración jurada y apareciese también de dicha declaración, o de la demanda jurada presentada, que existe motivo de acción contra el demandado que ha de ser citado, o que dicho demandado es parte necesaria o legítima en el pleito, la corte o el juez puede dictar una orden disponiendo que la citación se haga por la publicación de edictos."

Como se ve, la ley claramente especifica los casos en que

el servicio del emplazamiento se puede hacer por edictos, exigiéndose en todos ellos que las circunstancias tal como existan se comprueben por una declaración jurada y que además, de ésta o de la demanda jurada presentada, aparezca que existe una causa de acción contra el demandado que ha de ser citado o que dicho demandado es parte necesaria o legítima en el pleito.

"La existencia de cualquiera de las condiciones especificadas en el estatuto no es por sí solo suficiente. Debe aparecer además, bien por affidavit o por la demanda jurada ya radicada, que existe una causa de acción contra el demandado que se va a citar o que es una parte necesaria en el pleito. . . . .

"El diligenciamiento de un emplazamiento por edictos sin el correspondiente affidavit para su publicación es nulo. El affidavit es necesario para dar jurisdicción a la corte que expide la orden. . . . ." Southerland, Code Pleading Practice and Forms, vol. 1, págs. 656–7.

Parece evidente que en el procedimiento seguido en cobro de dinero y que tuvo por resultado la venta judicial del inmueble que se trata de inscribir, la corte municipal no adquirió jurisdicción sobre la demandada porque la orden disponiendo la notificación del emplazamiento por edictos se dictó sin jurisdicción. La sentencia, por tanto, era nula, así como su ejecución.

[4] En el segundo motivo de su nota el registrador alega que asumiendo que la publicación se hubiera hecho en debida forma, que copia de la demanda debió acompañarse al emplazamiento. Tratándose de la citación por edictos, una vez que el demandante haya cumplido con lo que establece el artículo 94, el 95 es el que prescribe lo que dispondrá la orden para la publicación y las demás formalidades que deben llenarse.

*Por todo lo expuesto, debe confirmarse la nota recurrida.*