María Maldonado Sánchez, recurrente, *v.* El Registrador de la Propiedad de Arecibo, recurrido.

No. 714.—*Sometido:* Marzo 6, 1928. *Resuelto:* Marzo 8, 1928.

Información de Dominio—Inscripción—Denegatoria de Inscripción o Defectos Insubsanables—Agrupación de Fincas—Bienes de Naturaleza Jurídica Distinta.—Si bien la resolución declaratoria del dominio es título bastante para la inscripción de la finca o fincas de que se trate, sin embargo, cuando del título presentado a inscripción aparece que la finca cuyo dominio se declaró justificado a favor del promovente se adquirió por éste parte por herencia y parte a título oneroso constante su matrimonio, dicho título dominical no es inscribible.

Nota de *William J. Santos,* R. (Arecibo), denegando inscripción de una resolución declaratoria de dominio. *Confirmada.*

*José E. Díaz,* abogado del recurrente; el registrador recurrido no compareció.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La Corte de Distrito de Arecibo dictó sentencia declarando justificado el dominio de cierta finca rústica a favor de María Maldonado Rivera, casada con Antonio Rivera.

Del propio documento presentado para su inscripción en el registro, aparece que dicha finca fué adquirida parte por

herencia y parte por compra, y, basándose en ello, el registrador se negó a inscribirla.

Contra la negativa interpuso la señora Maldonado el presente recurso gubernativo. Sostiene que reuniendo el documento presentado—la resolución final o sentencia de la corte de distrito—todos los requisitos exigidos por la ley y habiendo resuelto la Corte que el dominio pertenece a la recurrente, el registrador no tiene facultades para negar la inscripción. Cita los casos de *López* v. *Registrador,* 15 D.P.R. 731; *Ramos* v. *Registrador,* 16 D.P.R. 60; *De Jesús* v. *Registrador,* 24 D.P.R .621; *Caballero* v. *Registrador,* 35 D.P.R. 617, y *Cintrón* v. *Registrador,* 35 D.P.R. 805, y el artículo 395, regla 5, de la Ley Hipotecaria.

A nuestro juicio no tiene razón la recurrente. Hemos examinado todas las decisiones que invoca y ninguna en verdad sostiene su teoría. Al contrario, la de *De Jesús* v. *Registrador,* 24 D.P.R. 621, le es adversa.

Es cierto que esta corte, basándose en la ley, en anteriores decisiones suyas y en lo razonado por los tratadistas, resumió así las facultades de los registradores, en un caso en que se trataba de la inscripción de una venta judicial:

"La calificación del registrador, en cuanto a dichos títulos, alcanza a si el juez era o no competente por razón de la materia, la naturaleza y efecto de la resolución, si ésta se dictó en el juicio correspondiente, si en él se observaron los trámites y preceptos esenciales para su validez y si el título contiene las circunstancias que requiere la Ley Hipotecaria para su inscripción." Cintrón vs. Registrador, 35 D.P.R. 805.

Aparentemente esa jurisprudencia favorece la contención del apelante. Sin embargo, debidamente estudiada, es lo suficientemente amplia para permitir al registrador actuar en la forma en que lo hizo.

En el citado caso de *De Jesús,* confirmando la nota recurrida por virtud de la cual el registrador negó la inscripción de una sentencia declarando justificado el dominio de

cierta finca a favor de doña Pía de Jesús, porque siendo viuda la promovente resultaba que adquirió parte de la finca por herencia y parte a título oneroso, esta corte estableció la siguiente doctrina:

"El precepto del artículo 395 de la Ley Hipotecaria, Regla 5a., que prescribe que consentida o confirmada la resolución declaratoria del dominio será en su caso título bastante para la inscripción, no puede entenderse en términos tan absolutos que siempre sea obligatoria para el registrador la inscripción, sino que ésta deberá verificarse en el caso de que la resolución contenga todas las circunstancias que según la Ley Hipotecaria y su reglamento deban consignarse en la inscripción." 24 D.P.R. 622.

Y no puede ser de otro modo. No obstante lo resuelto por el juez, es el registrador el funcionario obligado a verificar la inscripción *a favor de determinada persona*. La determinada persona a cuyo favor se solicita la inscripción en este caso es María Maldonado y como del mismo título surgen dos personas distintas: María Maldonado y la sociedad de gananciales constituida por Antonio Rivera y María Maldonado, con interés en la finca, es evidente que la inscripción no puede verificarse.

Y no se diga que también del título consta que de las quince cuerdas de que se compone la finca once fueron adquiridas a título de herencia y cuatro por compra y por lo tanto que se cumplirían los fines del registro haciéndolo así constar. Se trata de una sola finca. De acuerdo con la ley y con nuestro actual sistema hipotecario, no podrían agruparse en una dos fincas que pertenecieran una privativemente a uno de los cónyuges y otra a la sociedad de gananciales. No se pueden sumar partidas heterogéneas. Y el caso de la agrupación es similar al del expediente de dominio.

Véase el caso de *Torres* v. *Registrador de Caguas,* 27 D.P.R. 927 que es enteramente aplicable.

*Debe confirmarse la nota recurrida.*