lación procedente de la Corte de Distrito de Guayama, en cuyo caso fué el juez sentenciador.

---

Latorre, Recurrente, *v.* El Registrador de Mayagüez, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Mayagüez denegando la inscripción de una escritura de partición de herencia.

No. 239.—Resuelto en junio 24, 1916.

Partición de Herencia—Adjudicación de Bienes en Pago de Deudas—Actos de Enajenación—Menores de Edad—Autorización Judicial.—La adjudicación de bienes en operaciones divisorias de herencia para pago de deudas o cumplimiento de obligaciones, ya se haga a favor de herederos, ya a favor de acreedores, constituye un verdadero acto de enajenación que cuando se trata de bienes inmuebles en que hay interesados menores de edad exige la autorización previa judicial.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José Benet.*

El registrador interino recurrido Sr. José Sabater compareció por escrito en nombre propio.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Por escritura pública de 9 de febrero de 1911, No. 86, otorgada en la ciudad de Mayagüez ante el notario Mariano Riera Palmer, Julio N. Laabes, viudo de Josefa Nicolasa Rivera, y Pedro Francisco Battle en concepto de defensor de los menores Carlos Maximiliano Julio y Monserrate Mercedes Laabes y Rivera, habidos en el matrimonio de Laabes con la Rivera, procedieron de común acuerdo a la práctica de la divisoria de los bienes de Josefa Nicolasa Rivera, fallecida abintestato, y figurando entre esos bienes dos fincas rústicas radicadas en el barrio de Mayagüez arriba del término municipal de Mayagüez, afectadas por un crédito hipotecario de $1,290 perteneciente a Josefa Mestre y Castelar, fueron adjudicadas al viudo para el pago de dicho crédito con la obligación de en-

tregar a los herederos sus hijos, por mitad, la suma de $360 que había de sobrar después de satisfecho el mencionado crédito, habiendo renunciado Laabes en favor de sus hijos el derecho de usufructo que le correspondía en una parte de los bienes de la herencia.

Presentada dicha escritura para su inscripción en el Registro de la Propiedad de Mayagüez, el registrador la denegó por medio de nota que copiada literalmente dice así:

"No admitida la inscripción de este documento, con vista de otros, porque aunque aparentemente sólo comprende una partición de herencia, en realidad lleva envuelta una enajenación o traspaso de los bienes inmuebles heredados de su madre por los menores Carlos Maximiliano Julio y Monserrate Mercedes Laabes a favor de su padre Don Julio N. Laabes; y de verificarse directamente a nombre de este último la inscripción de las dos fincas rústicas a que se contrae el documento, según se pretende ahora, resultaría: 1.º que se habría prescindido de la previa inscripción a favor de los dos citados menores de los inmuebles heredados de su madre por ellos, que alcanzan a la suma de trescientos sesenta dollars; y 2º. que en la enajenación de dichos inmuebles a favor de su padre habríanse prescindido de los requisitos determinados por las leyes para la venta de bienes inmuebles de menores de edad; tomándose en lugar de la inscripción pretendida, anotación preventiva por ciento veinte días contados desde esta fecha, a los folios 224 y 177 vtos. de los tomos 113.º y 61.º de este Ayuntamiento, fincas Nos. 2839 y 2170, anotaciones letras B y A respectivamente. Mayagüez, junio 21 de 1915. El Registrador sustituto, José Sabater."

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto y que sostiene el abogado José Benet como representante de Cristino Latorre en su carácter de administrador judicial de los bienes de la herencia de Julio N. Laabes.

Al resolver en esta misma fecha, recurso de apelación interpuesto contra resolución de la Corte de Distrito de Arecibo en el caso *Ex parte* Sotomayor, (pág. 185), dejamos consignada la doctrina de que la adjudicación de bienes en operaciones divisorias de herencia para pago de deudas o cumpli-

miento de obligaciones, ya se haga a favor de herederos, ya a favor de acreedores, constituye un verdadero acto de enajenación que cuando se trata de bienes inmuebles en que hay interesados menores de edad exige la autorización previa judicial.

En el presente caso, como acertadamente afirma el registrador, hay envuelta una enajenación o traspaso de los bienes inmuebles heredados de su madre por los menores Carlos Maximiliano Julio y Monserrate Mercedes Laabes a favor de su padre Julio N. Laabes y para ello no se ha obtenido la autorización judicial necesaria.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.