SUCESIÓN DE ENRIQUE DE JESÚS, ETC., demandantes y apelantes, *v.* SUCESIÓN DE PLINIO L. CASTRO, ETC., demandados y apelados.

Núm. 8712.—*Sometido:* Junio 17, 1943. *Resuelto:* Noviembre 16, 1943.

*Luis Mercader,* abogado de los apelantes; *Federico Acosta Velarde y Mariano Acosta Velarde,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Sucesión de Enrique de Jesús, compuesta de su viuda Juana Barada Cruz y de su hija menor de edad, Nuvia de Jesús y Barada, apela de la sentencia dictada por la Corte de Distrito de Arecibo que declaró sin lugar su demanda soli-

citando la nulidad de una sentencia dictada por la misma corte en el año 1931 en acción entablada por Plinio L. Castro contra dicha sucesión sobre otorgamiento de escritura. En la mencionada acción la sucesión demandada, a pesar de haber sido emplazada, no contestó la demanda y se anotó su rebeldía. La corte celebró una vista y dictó sentencia condenándola a otorgar escritura de venta de una casa que se alegó y probó que el causante de la sucesión había vendido a Castro por $400. La sucesión no apeló de la sentencia sino que la propia demandada Juana Barada Cruz compareció ante el Notario Diego E. Ramos por sí y en representación de su hija menor de edad y en cumplimiento de la sentencia dictada otorgó la escritura de venta a favor de Castro.

Alegó en la presente acción la Sucesión de Jesús que la anterior sentencia es nula, 1, porque la corte no adquirió jurisdicción sobre la persona de Juana Barada por no haber sido ésta y su hija menor de edad debidamente emplazadas; 2, porque la corte admitió prueba inexacta e incierta, y 3, porque Enrique de Jesús nunca hizo contrato de venta alguno con Plinio Castro.

La corte inferior resolvió que la presente acción constituía un ataque colateral a la anterior sentencia y que "probado por el récord del pleito y demás evidencia que la corte tuvo jurisdicción sobre las personas y la materia objeto del caso . . . para juzgar y dictar sentencia . . . y apareciendo además que dicha sentencia fué cumplida desde el año 1931, no puede atacarse dicho fallo firme por error al juzgar sus méritos o porque la evidencia fuera insuficiente . . ."

Aun cuando la apelante señala varios errores, somos de opinión que la cuestión fundamental envuelta en este recurso es determinar si la corte inferior erró o no al resolver que había actuado con jurisdicción al dictar la sentencia anterior.

Sostiene la apelante que habiéndose probado que Juana Barada, viuda de Enrique de Jesús, al tiempo de ser

emplazada sólo tenía 16 años de edad, necesitaba el consentimiento de sus padres para defenderse en la acción y que por el hecho de haber sido emplazada su incomparecencia no concedió jurisdicción a la corte para oír y resolver el caso en rebeldía.

Son hechos admitidos y probados que el 20 de octubre de 1931 cuando Juana Barada fué emplazada personalmente sólo contaba 16 años de edad y que era viuda de Enrique de Jesús. ¿Es nulo dicho emplazamiento y como consecuencia nula la sentencia dictada por no haber adquirido jurisdicción la corte? Estimamos que la pregunta debe contestarse en la negativa.

Los artículos 239 y 240 del Código Civil disponen lo siguiente:

"Artículo 239. El menor, sea varón o hembra, queda de derecho emancipado por el matrimonio.

"No obstante, para enajenar o hipotecar los bienes inmuebles o tomar dinero a préstamo, necesitará el menor emancipado por razón del matrimonio el consentimiento de su padre, en su defecto, el de su madre, y, en su caso, el de su tutor."

"Artículo 240. El menor emancipado por razón de matrimonio puede comparecer en las cortes de distrito representando sus derechos en los casos de ley."

Tenemos, por lo tanto, que la única limitación que contiene nuestro código en cuanto al menor emancipado por razón del matrimonio es al efecto de que para enajenar o hipotecar bienes inmuebles o para tomar dinero a préstamo continúa necesitando el consentimiento de su padre, madre o tutor, según sea el caso. El artículo 240, supra, expresamente le faculta para comparecer en la corte de distrito en su propia representación. Este artículo no consta en el Código Civil de España en el cual, por el contrario, la limitación para comparecer en juicio por sí sóla es absoluta ya que el artículo 317 de dicho cuerpo legal dispone que no podrá hacerlo "sin la asistencia de dichas personas", es decir, el padre, la madre o el tutor, limitación ésta que nuestro código por su artículo

237 impone únicamente a los emancipados por concesión del padre o de la madre que ejerza la patria potestad.

El Código Civil español, además, se diferencia del nuestro en esta materia, por el hecho de que si bien por su artículo 315 reconoce la emancipación por razón del matrimonio, la misma está sujeta a las limitaciones contenidas en el artículo 59 al efecto de que el marido "si fuere menor de dieciocho años, no podrá administrar sin el consentimiento de su padre; en defecto de éste, sin el de su madre; y a falta de ambos, sin el de su tutor. Tampoco podrá comparecer en juicio sin la asistencia de dichas personas." Estas limitaciones fueron omitidas en el artículo 91 de nuestro Código Civil equivalente al 59, supra.

Comentando Manresa esta limitación del artículo 59, dice:

". . . Siendo aplicable esta disposición, como lo es, a los emancipados por el matrimonio, resulta clara y terminante la prohibición de comparecer por sí solo en juicio al casado que sea menor de edad aun ateniéndose a la letra de dichos dos artículos, pues el menor de dieciocho años se lo prohibe el 59, y al mayor de esta edad que no haya cumplido los veintitrés años el 317." 1 Manresa, Código Civil, 334, 335 (5ª. ed.).

Y al comentar el artículo 317 sostiene que no basta el consentimiento del padre, madre o tutor para que el menor emancipado pueda comparecer en juicio, sino que necesita "la asistencia de esas personas". 2 Manresa, Código Civil, 743.

Ahora bien, al referirse al artículo 315 en relación con los efectos de la disolución o nulidad del matrimonio sobre la emancipación, sostiene el ilustre comentarista que atendiendo al derecho anterior al Código y de acuerdo con la Ley 47 de Toro, "al sancionar la emancipación por matrimonio, reputó a los casados emancipados para siempre, lo cual quiere decir que en ningún caso el hijo o hija era restituído a la patria potestad, bajo el supuesto indiscutible de que el ma-

trimonio hubiese sido legal, porque de otro modo la emanci-
pación no podría producirse . . . ''

"Y no hay para qué hablar de la disolución por muerte, que
aun rompiendo el lazo conyugal, deja subsistente todos los efectos
civiles en la persona del cónyuge superviviente y de sus hijos. . ."
2 Manresa, Código Civil, 720, 721.

En Cuba tampoco existe la diferencia apuntada pues en
su Código Civil ha mantenido los mismos preceptos que el
de España. (Véanse Arango Código Civil de Cuba. Artícu-
los 315 y 317). Aun en la Argentina, donde dé acuerdo con
el artículo 131 de su Código Civil, la única forma de emanci-
pación reconocida es a virtud del matrimonio, tampoco pue-
den los menores así emancipados "estar en juicio en pleito
civil" . . . "sin expresa autorización del Juez", según pro-
vee el artículo 135. Comentando Llerena este último artículo
en su obra "Concordancias y Comentarios del Código Civil
Argentino", Tomo Primero, págs. 296, 297, dice que "La
autorización del Juez es indispensable aun para el juicio de
expropiación, porque si bien estas vistas son forzosas, la auto-
rización del Juez para intervenir en el juicio es con el objeto
de que se le nombre al menor emancipado un curador *ad litem,*
para que lo represente en toda la tramitación, supliendo así
su incapacidad." Y esto es así no obstante que el artículo
133 del Código Argentino dispone que "La emancipación
produce el efecto de habilitar a los casados para todos los
actos de la vida civil, *aunque el matrimonio se disuelva en
su menor edad o por muerte de uno de ellos, tengan o no
hijos"* (bastardillas nuestras), pues como sostiene Llerena,
la frase "para todos los actos de la vida civil" es sólo un
principio general, limitado por las innumerables restricciones
que contienen los demás artículos concordantes—obra citada,
pág. 291—entre los cuales se encuentra el artículo 3456 que
dispone que "A los menores emancipados se les nombrará
un curador, sea para formar la demanda de partición, sea
para responder a la que se entable contra ellos."

Aun cuando en las islas Filipinas no existe el equivalente de nuestro artículo 240, supra, se ha resuelto que a virtud de la aprobación del Código de Procedimiento Civil (Art. 115), "La hija, menor de edad, emancipada por el matrimonio, no necesita de curador *ad litem* para entablar pleitos"; *Siman* v. *Leus y Leus,* 37 Jur. Fil. 1019; habiéndose resuelto, además, en dicho caso, que el último párrafo del artículo 317 del Código Civil, que es igual al de España y al 237 del nuestro, supra, había quedado derogado por el Código de Procedimiento Civil.

Los motivos que pudieron haber inducido a nuestra Legislatura, a virtud del artículo 240, supra, a conceder al menor, emancipado por matrimonio un derecho que continuó negando al emancipado por concesión paterna, no obstante que, en el caso de varones, la edad mínima tanto para contraer matrimonio como para la emancipación por concesión paterna, es la de dieciocho años y en el caso de las mujeres, para contraer matrimonio sólo se las requiere que hayan cumplido diez y seis años, artículo 70, Código Civil, es cuestión que no compete investigar a los tribunales de justicia pues, como se dijo en *In re Morrissey,* 137 U. S. 157, 159: "La edad en que un menor será competente para realizar algunos actos o cumplir cualquier deber, militar o civil, depende exclusivamente de la legislatura."

Aparentemente el artículo 240, supra, fué adaptado del artículo 380 del Código Civil de Louisiana que dispone, en lo pertinente, que "El menor emancipado por matrimonio, puede comparecer en las cortes de justicia sin la asistencia de un curador." En dicho Estado también se prohibe al emancipado por concesión paterna o por concesión judicial, el comparecer en las cortes a menos que esté asistido de un curador *ad litem* nombrado por el juez—artículo 375. El privilegio concedido a los emancipados por matrimonio en Louisiana es más significativo si tomamos en consideración que en dicho Estado las edades mínimas para poder contraer

matrimonio son catorce años en el varón y doce en la mujer —artículo 93 Código Civil de Louisiana.

En el caso de *Beauchamp* v. *Whittington,* 10 La. Ann. 646, se resolvió que "Un menor que ha sido emancipado por matrimonio, luego disuelto por muerte, puede legalmente demandar, sin la asistencia de un curador *ad litem*"; habiéndose resuelto en el caso de *Wilcox* v. *Henderson,* 7 Rob. 338 que "Aunque la menor que ha sido emancipada por matrimonio enviudase antes de cumplir los veintiún años de edad, ella no volverá al estado de tutelaje (*pupilage*)."

Habiéndose probado en el caso de autos que tanto Juana Barada como su hija menor Nuvia, fueron debidamente emplazadas en el pleito anterior, por habérseles entregado copia del emplazamiento personalmente a la madre y a la hija y también a la madre por ser la hija menor de catorce años, se cumplió con el artículo 93 del Código de Enjuiciamiento Civil, y como consecuencia somos de opinion que, de acuerdo con el artículo 240 del Código Civil, supra, dicha Juana Barada pudo comparecer en la referida acción representando sus derechos. Por tanto, no era necesario que se solicitara y obtuviera el nombramiento de un defensor judicial para ella poder comparecer, requisito éste que sólo se exige de acuerdo con el artículo 56 del Código de Enjuiciamiento Civil, cuando un menor, demente o persona incapacitada es parte en un litigio o, de acuerdo con el artículo 237 del Código Civil, supra, cuando el menor emancipado lo ha sido por concesión paterna.

Siendo esto así, la Corte de Distrito de Arecibo adquirió jurisdicción sobre la persona de Juana Barada en el pleito sobre otorgamiento de escritura, y la sentencia dictada en el mismo es válida. No se cometió el primer error que hemos discutido.

Tampoco el segundo y tercero, pues en ellos la apelante parte de la premisa de que la corte inferior actuó sin jurisdicción en el primer pleito, y que por tanto en la presente acción puede atacar colateralmente la sentencia dictada,

y que la corte debió admitir cierta prueba que ofreció para contradecir y desacreditar la que sirvió de base para dictar la sentencia anterior. No hemos de entrar a discutir esta cuestión y las reglas aplicables a la misma, pues recientemente tuvimos ocasión de exponerlas en el caso de *Lokpez* v. *Fernández*, 61 D. P. R. 522. Siendo errónea la premisa es insostenible la conclusión de la apelante.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Snyder no intervino.