JUAN HILARIO, JUAN, SOFÍA, LAURA y RAFAEL ALVAREZ BARBOSA y MARÍA y JUAN ALVAREZ VALENTÍN, demandantes y recurrentes, *v.* FRANK APONTE RIVERA y ROSALINA TORO, demandados y recurridos.

*Número:* 12550.  *Resuelto:* 29 de septiembre de 1961.

*R. Rivera Correa* y *Benjamín Ortiz*, abogados de los recurrentes; *José Sabater*, abogado de los recurridos.

Sala integrada por el Juez Asociado Señor Hernández Matos, como Presidente de Sala, y los Jueces Asociados Señores Blanco Lugo y Dávila.

PER CURIAM: Los demandantes son hijos de José R. Alvarez, quien falleció en Añasco allá por el año 1927. Al éste morir adeudaba a su hermano Pedro cerca de $4,000. Para cobrarlos, Pedro inició el pleito Civil Núm. 12066 en la Corte de Distrito (hoy Superior) de Mayagüez contra la sucesión de su hermano. Se dictó sentencia condenando a los hijos de José a pagarle a Pedro una cantidad en la que se pusieron de acuerdo mediante estipulación. Para ejecutar la sentencia, se vendieron en subasta pública varios inmuebles adjudicándosele a Pedro, entre otros, dos fincas rústicas inscritas en el Registro de la Propiedad. Se inscribió la escritura mediante la cual el alguacil de la Corte de Mayagüez vendió a Pedro los referidos inmuebles. Así consta del registro en cuanto a las dos fincas objeto de este pleito. De la inscripción novena copiamos:

"...EN SU VIRTUD, inscrito a favor de Pedro María Alvarez el dominio de esta finca, por título de venta judicial. Lo referido consta del Registro y de la escritura relacionada, presentada en esta Oficina a las diez y media de la mañana del veintiocho de Diciembre corriente, asiento número treinticuatro del tomo setentiocho del Diario; habiéndose presentado también una certificación dada por Enrique San Millán y refrendada por J.

Durán Cruz, Secretario y SubSecretario, respectivamente de la Corte de Distrito de Mayagüez, a veintitrés de Septiembre del cursante año, comprensiva de la sentencia dictada el día trece de mayo del propio año, en el caso doce mil sesentiséis de la que resulta dicho caso ser en cobro de dinero, iniciado por Pedro María Alvarez versus la Sucesión de José R. Alvarez, compuesta de sus hijos naturales reconocidos Gladia, Obdulia y María Gloria Alvarez Robles, María y Juan Alvarez y Valentín y Juan Hilario, Juan, Sofía, Laura y Rafael Alvarez y Barbosa, y que en dicho día la Corte impartió su aprobación a la estipulación radicada por el demandante representado por sus abogados Benet y Souffront y por los demandados María Gloria y Obdulia Alvarez y Robles, por su propio derecho; Juan, Sofía, Juan Hilario, Laura y Rafael Alvarez y Barbosa, menores de edad representados por su madre con patria potestad Juana Barbosa y Gladia Alvarez y Robles, María y Juan Alvarez y Valentín, menores de edad representados por su defensor Ad litem nombrado por la Corte Licenciado Rafael A. Saliva, y todos los demandados representados a su vez por su abogado Amador Ramírez Silva, en la cual estipulación alegan: que el demandante rebaja del montante de su reclamación, trescientos diecisiete dollars, cincuenticinco centavos, quedando reducida la suma a tres mil doscientos cuarentisiete dollars, nueve centavos y además rebaja los intereses sobre dicha suma desde la fecha de radicación de la demanda; que el demandante conviene en pagar al Federal Land Bank of Baltimore los plazos vencidos de las hipotecas que pesan sobre las fincas propiedad de la Sucesión demandada, ascendentes a trescientos cuarenta dollars, ochenticuatro centavos que las contribuciones, ascendentes a ciento veinticinco dollars, las pagará también el demandante, todo haciendo un total de tres mil setecientos doce dollars, noventitrés centavos, por la cual suma se solicita sentencia; que dicha transacción es útil y beneficiosa a ambas partes porque facilita una venta en pública subasta de los bienes hereditarios o una oferta mínima por el justo valor de dichos bienes, economizando a la sucesión demandada trescientos diecisiete dollars, cincuenticinco centavos, que se le rebajan de la reclamación en el pleito; las costas a que pudiera ser condenada la Sucesión y los intereses antes citados; y vista la prueba practicada, la conformidad del Ministerio Fiscal y la ley aplicable al caso, la Corte dicta sentencia a favor del demandante y en contra de los demandados por la convenida suma de tres mil setecientos doce dollars, noventi-

trés centavos, sin especial condenación de costas. Se hace constar, por haberse omitido en su lugar correspondiente, que las circunstancias personales de los demandados son: Gladia, Obdulia y María Gloria Alvarez y Robles, de doce, diecisiete y veintiún años, soltera y casadas, estudiante y sin oficio, vecinas de Cataño las dos últimas y de Añasco la primera, María y Juan Alvarez y Valentín, de once y ocho años de edad, estudiantes y vecinos de Añasco, y Juan Hilario, Juan Sofía, Laura y Rafael Alvarez y Barbosa, de siete, cinco, dos, nueve y cuatro años de edad, respectivamente, todos vecinos de Añasco, según consta de la inscripción octava precedente. Y siendo conforme con el Registro y documentos referidos firmo la presente en Mayagüez a veintiocho de Diciembre de mil novecientos veinte y siete.— Ders. ocho dollars—nos. 5º y 7º Arl.—Cancelados por éstos y los de la concisa, dos sellos de $5, dos de $1 y uno de cincuenta centavos—(Firmado) Pedro Gómez Lasserre.——". (Transcripción de evidencia págs. 113 y 116.)

Varios años después (dieciocho) de adquiridos los inmuebles en la forma referida, Pedro vende a los demandados las dos fincas rústicas objeto de este pleito y éstos la inscriben a su nombre. Contra estos compradores dirigieron los demandantes el presente pleito. La demanda fue radicada cinco años después de la muerte de Pedro y no se incluyó su sucesión como parte demandada. Los demandantes interesan se declare nula e inexistente la venta efectuada para satisfacer la sentencia dictada en el pleito arriba referido. Sostienen que es nula la venta efectuada en dicho pleito porque "en dicho caso (civil número 12066) y a pesar de conocerse por el demandante la identidad y paradero de todos y cada uno de los herederos, no se expidió emplazamiento ni se hizo las gestiones de rigor para tratar de emplazarlos, ni se emplazo jamás a ninguno de dichos demandados, 9 de ellos menores de edad, sino que valiéndose de ciertas mañas el demandante obtuvo y consiguió que la madre de 5 de los menores herederos, otra heredera mayor ya de edad, el defensor ad litem de otros 3 menores y otra heredera de 17 años, emancipada por matrimonio pero sin asistencia alguna firmasen una Estipu-

lación que él sometió a la Corte para su aprobación mediante la cual se solicitaba se adjudicase al demandante por valor de unos $8,000.00 cuatro fincas propiedad del causante de los demandados, entre las que figuran las dos aquí descritas, ello en pago de la sentencia que solicitaban se dictase, quedando obligado el demandante a pagar una hipoteca que pesaba sobre las fincas, a favor de The Federal Land Bank of Baltimore, los restantes a dividirse entre los herederos por el Tribunal a razón de $12.00 por heredero." (Legajo de Sentencia págs. 14-15.)

El tribunal de instancia declaró sin lugar la demanda por el fundamento de que los demandados eran terceros. Sostiene que lo eran porque la prueba no demostró que ellos tuvieran conocimiento por el Registro o personalmente de las irregularidades que alegan los demandados ocurrieron en el pleito en el cual se le adjudicaron las fincas objeto de este litigio al antecesor en título de los aquí demandados. Se expresó así la corte en cuanto a este particular. "Para la fecha de este proceso judicial, o sea para el año 1927, el demandado Frank Aponte, quien era sobrino político de Pedro María Alvarez, contaba alrededor de 12 años de edad, no habiéndose probado en forma alguna por los demandantes que éste hubiese tenido conocimiento de todos los pormenores de esta acción en cobro de dinero seguida por su tío Pedro María Alvarez contra los demandantes. Aparece de la certificación del Registro de la Propiedad de Mayagüez que Pedro María Alvarez procedió a inscribir estas fincas a su nombre tan pronto le fueron adjudicadas las mismas en diciembre de 1927, habiendo procedido éste a hacer innumerables transacciones de préstamos hipotecarios con el Banco Federal durante el curso de los años subsiguientes." Y más adelante expresa "[l]os demandantes no han probado que, al adquirir estas fincas, el demandado Frank Aponte tuviese conocimiento alguno de las supuestas irregularidades habidas en el procedimiento de ejecución de sentencia mediante el

cual su tío político Pedro María Alvarez había adquirido el dominio de estas fincas. Los supuestos motivos de nulidad no aparecen del Registro, y tampoco se ha probado que el demandado tuviese conocimiento de quiénes eran las personas que componían la Sucesión del Sr. José R. Alvarez. . . ." (Transcripción de evidencia págs. 58 y 59.) Como el tribunal de instancia entendió que no quedó establecido que los demandados tuvieran conocimiento personal de las supuestas irregularidades, y no apareciendo las mismas del Registro, falló que no procedía la acción interpuesta.

Recurren ante nos los demandantes. Alegan que debe revocarse la sentencia. Sostienen que los demandados no son terceros, ya que Frank Aponte uno de los demandados en este pleito era sobrino de la esposa de Pedro y por lo tanto tenía que tener conocimiento de todo lo acontecido en el pleito 12066. Afirma además que del registro surge la nulidad de la sentencia dictada, lo que aparece de la inscripción novena antes transcrita—pues a pesar de que la codemandada Obdulia, no obstante ser casada, sólo tenía 17 años, compareció por su propio derecho y el Art. 239 del Código Civil (31 L.P.R.A. sec. 931) requiere que para enajenar o hipotecar comparezcan los menores—aún los emancipados por matrimonio—asistidos de sus padres o de un tutor.

Apunta también que a pesar de que el juez al dictar sentencia en el pleito 12066 hizo constar que el demandante se comprometía a pagar $8,000 por los inmuebles pertenecientes a la Sucesión demandada al celebrarse la subasta sólo ofreció $4,412.93.

▮▮▮ De la prueba ofrecida en el tribunal de instancia no surge evidencia alguna que demuestre que los demandados tenían conocimiento personal de los vicios que los demandantes alegan anulan la venta que a favor de su antecesor en título hizo el marshal de la Corte de Distrito de Mayagüez en el pleito número 12066. La prueba demostró que el demandado tenía alrededor de 12 años cuando se le adjudicaron a su tío

político las fincas que adquirió dieciocho años después. El hecho de que el demandado fuera sobrino de la esposa de Pedro no establece presunción alguna al efecto de que tuviera conocimiento de las transacciones llevadas por su tío político. En cuanto a que la demandante Obdulia Alvarez quien compareció personalmente en el caso 12066 sólo tenía 17 años, del Registro surge que era casada y el Art. 240 del Código Civil (31 L.P.R.A. sec. 932) dispone que "el menor emancipado por razón de matrimonio puede comparecer en el Tribunal Superior representando sus derechos en los casos de ley". Véase además *Sucn. de Jesús v. Sucn. Castro*, 62 D.P.R. 580 (1943).

■ Refiriéndonos a la cuestión de que según la sentencia dictada en el caso 12066 el demandante se comprometió a pagar $8,000 por las fincas que se venderían en subasta pública para satisfacer la sentencia que había obtenido, aún suponiendo que fuera motivo para anular la subasta si se hubiera atacado directamente, la realidad es que ese hecho no consta del registro, por lo que no puede perjudicar a los demandados.

*No se cometieron los errores que señalan los demandantes por lo que procede confirmar la sentencia recurrida.*