PEDRO RAFAEL MARTÍNEZ, demandante y recurrido, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO ET AL., demandados; EL MUNICIPIO DE PONCE, peticionario.

*Número:* O-79-325        *Resuelto:* 22 de abril de 1981

*Gonzalo J. Barreras Varona,* abogado del peticionario Municipio de Ponce; *Josué Flores Ortiz,* abogado del recurrido.

PER CURIAM: La demandante Elizabeth Irizarry Roque sufrió un accidente mientras viajaba como pasajera en un automóvil público en 31 de agosto de 1977. Imputa negligencia,

entre otros, al Municipio de Ponce por permitir la existencia de un hoyo en una vía pública. Reclama compensación por daños físicos y angustias mentales. El marido reclama además por angustias y trastornos emocionales. En 31 de octubre de 1977 cursó al Secretario de Justicia la notificación de accidente requerida por ley —32 L.P.R.A. sec. 3077a— cuya copia envió en la misma fecha al Municipio de Ponce, conforme lo requiere la ley —21 L.P.R.A. sec. 1603. No fue, sin embargo, hasta el 27 de noviembre de 1978 que presentó la demanda ante el Tribunal Superior.

El Municipio de Ponce solicitó desestimación por el fundamento de que había transcurrido el año para exigir la responsabilidad por las obligaciones derivadas de culpa o negligencia desde que lo supo el agraviado hasta la presentación de la reclamación judicial, sin que hubiere alegación alguna de que el plazo prescriptivo hubiese sido interrumpido. El tribunal de instancia declaró sin lugar la desestimación. No surge del expediente que la parte demandante se hubiere opuesto a los argumentos del Municipio. El Municipio solicitó reconsideración sin éxito. No conforme, el Municipio acudió ante nos insistiendo en la desestimación de la demanda.

Concedimos término a la parte demandante para que mostrara causa por la que no debía expedirse el auto solicitado y ordenar la desestimación de la causa de acción por haber prescrito su derecho de pedir. En su comparecencia aduce por primera vez la demandante Elizabeth Irizarry Roque que era menor de edad a la fecha del accidente, sin que hubiera advenido aún a su mayoría de edad al presentar la demanda. Admite, sin embargo, que estaba emancipada por razón de matrimonio a la fecha del accidente. Tan es así que el marido es codemandante. A pesar de estar entonces emancipada por matrimonio, alega que su causa de acción no prescribe hasta alcanzar su mayoridad. No tiene razón.

El Código Civil preceptúa que el menor, sea varón o hembra, queda de derecho emancipado por el matrimonio. 31

L.P.R.A. sec. 931. No obstante, aclara dicho cuerpo legal que sólo para enajenar o hipotecar los bienes inmuebles o tomar dinero a préstamo, necesita el menor emancipado por razón de matrimonio, el consentimiento de su padre, en su defecto, el de su madre, y en su caso, el de su tutor. *Id.* Acto seguido expresa que aquél puede comparecer en el Tribunal Superior representando sus derechos en los casos de ley. 31 L.P.R.A. sec. 932; *Alvarez Barbosa* v. *Aponte Rivera*, 83 D.P.R. 617 (1961). No habiendo comparecido ni la esposa ni el esposo dentro del término prescriptivo, debe desestimarse la demanda.

*Se expide el auto, se deja sin efecto la orden del tribunal de instancia que declaró sin lugar la moción de desestimación presentada por el Municipio de Ponce y se ordena la desestimación de dicha demanda contra el Municipio de Ponce.*